UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALYCE R. ANDERSON, | |
| Plaintiff, | No. 1:21-CV-01417 |
| v. | Judge Edmond E. Chang |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO and NORTHWEST ILLINOIS AREA LOCAL 7140, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

After Alyce Anderson's original employment-discrimination complaint was dismissed for failure to adequately state a claim, she filed an amended complaint. R. 108, *Anderson v. Am. Postal Workers Union, AFL-CIO*, 2024 WL 4723618 (N.D. Ill. Nov. 8, 2024); R. 114, Am. Compl.[1] Anderson, an employee of the United States Postal Service and a member of the Postal Union, still sues the national American Postal Workers Union, AFL-CIO and the Northwest Illinois Area Local Union, but now drops the individual union officers from the lawsuit. R. 1, Compl. at 1; Am. Compl. at 1. The claims against the Unions are still akin to those in her original complaint, generally alleging that the Unions discriminated against her based on her race, sex, and disability by refusing to prosecute her grievances and retaliated against her for filing grievances. Am. Compl. at 2–14. Anderson explains that the Unions' conduct breaches

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

the respective Unions' constitution and duty of fair representation, in violation of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; qualifies as unfair labor practices, 5 U.S.C. § 7116; and violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Americans with Disabilities Act, 42 U.S.C. § 12117.[2] Because Anderson's claims against the National Union are time-barred and because her claims against the Local Union are unexhausted, the amended complaint is dismissed, this time with final judgment to be entered.

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Alyce Anderson worked as a labor custodian for the United States Postal Service. Compl. at 1. Anderson's position is covered by a collective bargaining agreement between the Postal Service and APWU National, the Postal Service's national worker's union (for convenience's sake, the National Union). *Id.* at 16. After decades of employment with the Postal Service, in 2021, Anderson sued the National Union, Northwest Illinois Area Local 7140 (Local Union), and several union officers, bringing various claims arising from the Union's alleged failure to pay her portions of grievance settlements that she was owed. Compl. at 1–2; R. 25, Local Union Defs.' Mot. to Dismiss Br. at 2. In the original complaint, Anderson alleged that poor handling of her grievances amounted to

---

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

discrimination, retaliation, and created a hostile work environment in violation of 5 U.S.C. § 7116 and violated the American Postal Worker Union Constitution and the Unions' duty of fair representation in violation of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Compl. at 1–3.

After briefing on motions to dismiss filed by both Unions and the individual officers, the Court dismissed the original complaint. First, the claims for unfair labor practices against the Local Union Defendants were dismissed for lack of subject matter jurisdiction, because the Federal Labor Relations Authority has exclusive jurisdiction of those charges. *Anderson*, 2024 WL 4723618, at *5. Next, the claims for breach of duty of fair representation against the individual union officers were dismissed, because union officials are generally not personally liable for the acts they perform on the Union's behalf. *Id.* at *7. The claims for duty of fair representation against both Unions were dismissed because the original complaint offered no *factual* content, as distinct from mere conclusions. *Id.* at *7–8. But the Court permitted Anderson to file an amended complaint to cure the pleading defects on those claims, if she could do so in good faith. *Id.* at *8.

Later, Anderson filed an amended complaint in which she organizes the allegations into eight claims. The organizational theme is not crystal clear, but the claims are summarized here:

**Claim 1.** On February 17, 2021, a National Union officer and a Postal Service labor-relations specialist allegedly refused to prosecute Anderson's grievance and held her grievance "in abeyance." Am. Compl. at 2. Later, the Union violated the Postal Service Employee Labor Manual when it

3

          did not respond to Anderson's July 28, 2020, request for reasonable accommodation within the required 45-day period. *Id.* Though Anderson was entitled to 10 weeks of compensation for the policy violation, Fisher again refused to prosecute this grievance and refused to negotiate a settlement in good faith. *Id.* 2–3.

**Claim 2.** On June 19, 2020, Local Union President and a Craft Director together allegedly refused to pay Anderson part of the "Line H" Arbitration Grievance Award Settlement money that she was owed for the years 2014 through 2017, even though Anderson's colleagues received their portions of the payout. Am. Compl. 3–4.

**Claim 3.** On February 13, 2020, the Local Union President denied Anderson's grievance at Step 2 and refused to prosecute the claim. Am. Compl. at 5. The grievance alleged that on January 9, 2020, Anderson was supposed to receive a document describing all available jobs within a 50-mile radius, but instead she was presented with an allegedly fraudulent document reassigning her to jobs outside of her craft. *Id.* Anderson alleges that she received the reassignment notice as an attempt to coerce, intimidate, influence, and pressure her into selecting and agreeing to a new job bid of the Local Union's choosing. *Id.*

**Claim 4.** On December 29, 2019, the Local Union Busse Facility President did not prosecute Anderson's grievance or negotiate a corresponding settlement in good faith. Am. Compl. at 6. The grievance alleged that Anderson was denied a certain overtime assignment, and the assignment was given to one of her white male colleagues who was both in a different working group and allegedly had less experience than Anderson did on the assignment. *Id.* at 6–7.

**Claim 5.** On March 14, 2019, Local Union steward refused to process and prosecute two of Anderson's grievances or negotiate related settlements in good faith. Am. Compl. at 7. The first grievance, dated March 14, 2019, alleged that from December 2018 through March 2019, a supervisor from a different craft was performing duties that were specifically assigned to Anderson and not assigned to him. *Id.* at 7–8. The second grievance, also dated March 14, 2019, asserted that from December 2018 through March 2019, yet another supervisor performed tasks that were specifically assigned to Anderson. *Id.* at 8.

**Claim 6.** On October 9, 2018, another Local Union steward and a National Union steward allegedly refused to prosecute one of Anderson's grievances and negotiate a corresponding settlement in good faith. Am. Compl. at 9. That grievance alleged that, on July 17, 2018, a Union supervisor sent Anderson home after she had already clocked in, then requested documentation for her absence from work. *Id.* Though she was entitled to certain leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, the supervisor explained to her that his boss frequently asked the supervisor to send Anderson home. *Id.* Then, on August 23, 2018, a Local Union steward allegedly refused to prosecute Anderson's grievance and negotiate a corresponding settlement in good faith. *Id.* That grievance asserted that Anderson was owed paid administrative leave for the days she missed work but instead of being paid out, she was told not to return to work unless she had documentation from her healthcare provider explaining her absences. *Id.*

**Claim 7.** On April 11, 2018, a Local Union steward and a National Union agent allegedly refused to prosecute one of Anderson's grievances and negotiate a corresponding settlement in good faith. Am. Compl. at 10. That grievance alleged that, on March 26, 2018, Anderson discovered that the Local Union steward did not file or process her complaint that her maintenance test score was altered without her permission in 2001. *Id.* Anderson also reported this to a National Union agent in March 2018, but that agent refused to handle the grievance, too. *Id.* at 11.

**Claim 8.** On March 26, 2018, a Local Union steward disbursed parts of a 2014 $2.75 million dollar "Line H" grievance arbitration-settlement award to himself and other union custodians. Am. Compl. at 12. Anderson allegedly did not receive part of the payout, but certain less senior custodians received payouts. *Id.* Anderson filed a different complaint on June 14, 2014, alleging that she was approved for a change of craft in May 2014, but the Local Union officials were preventing her from changing positions. *Id.* at 13.

Anderson alleges that the adverse treatment she experienced, as well as the improper handling of her grievances, were motivated by Anderson's race or color, sex, and disability. Am. Compl. 2–14. Anderson also sees the Local and National Union's

5

actions as violating the Collective Bargaining Agreement Article 2.1, Article 14, Article 15.1, Article 15.4, the American Postal Workers Union AFL-CIO Union Constitution Bylaws Article 15.1(c), and Article 15.1(d). *Id.* She argues that the Unions breached their fiduciary duty and their duty of fair representation owed to Anderson, and that the Unions' actions constituted harassment and retaliation in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(c)(1), (c)(3) and the Americans with Disabilities Act, 42 U.S.C. § 12117. *Id.*

The Local Union and the National Union have both moved to dismiss the amended complaint. *See* R. 120, Local Def. Mot.; R. 117, Nat'l Def. Mot. The Local Union argues that the amended complaint fails to state a plausible claim for breach of fiduciary duty and the duty of fair representation, breach of the Union's Collective Bargaining Agreement, violation of federal employment-discrimination laws, and fraudulent conduct; that the amended complaint was untimely filed; and that the Court lacks subject matter jurisdiction over the claims that the Local Union breached its Constitution. R. 121, Local Def. Br. at 3–14.

For its part, the National Union argues that the amended complaint still fails to state a claim because it does not allege that the National Union breached its duty of fair representation, its Constitution, or Title VII, nor does the amended complaint allege facts that the National Union ratified any alleged misconduct by the Local Union. R. 118, Nat'l Def.'s Br. at 3–6. The National Union also asks that the Court deny Anderson permission to further amend her pleadings, because the amended complaint clearly demonstrates that the statute of limitations on Anderson's claims

6

expired before she filed the original complaint and the newly alleged facts do not relate back to the original complaint. *Id.* at 6–10.

For the reasons explained in this Opinion, Anderson's claims are either untimely on their face, fail to adequately state a claim, were not properly exhausted, or outside of this Court's subject matter jurisdiction. The amended complaint is dismissed with prejudice.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

#### A. Local Union

To recap the allegations against the Local Union, Anderson claims that the Local Union violated several of the National Union Collective Bargaining Agreement's articles and the National Union Constitution and Bylaws, and thus the union breached the union's duty of fair representation and fiduciary duties, violated federal anti-discrimination laws, and committed fraud. Am. Compl. 3–14 (Claims 2 through 8). The Local Union identifies several pleading deficiencies with Anderson's claims, two of which are fatal to her amended complaint. Local Union Br. First, Anderson's fair-representation claim against the Local Union is untimely. Local Union Br. at 8–9. Second, on her claim that the Local Union violated the Union Constitution, the amended complaint still does not allege facts showing that Anderson exhausted internal remedies or that the remedies were unavailable to her.

Starting with the statute of limitations argument, it is true that the statute of limitations is an affirmative defense, so a complaint need not plead around it to avoid dismissal. Fed. R. Civ. P. 8(c); *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Indeed, the Seventh Circuit has

8

explained that dismissal under Rule 12(b)(6) on statute of limitations grounds is "irregular." *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Having said that, if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely," the general rule against pleading-stage dismissal on timeliness grounds is excused. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (cleaned up).

Here, the amended complaint plainly shows that the claim against the Local Union for violating the duty of fair representation is untimely. Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), sets a six-month statute of limitations for fair-representation claims. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). "The six-month statute of limitations period begins to run from the time a final decision on the employee's grievance has been made or from the time the employee discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on this grievance." *Adams v. Budd Co.*, 846 F.2d 428, 431 (7th Cir. 1988) (cleaned up). Because Anderson filed the original complaint on March 12, 2021, any alleged misconduct for a fair-representation claim must have occurred on or after September 12, 2020. But the only allegation within that window is against the National Union. Am. Compl. at 2–3. Taking the allegations in

9

the amended complaint as true, the fair-representation claims against the Local Union are time barred.[4]

Next, the Local Union asks to dismiss Anderson's claim that the Local Union violated the Union Constitution. The Local Union insists that the amended complaint "continues to fail to plead facts showing necessary exhaustion of internal remedies" to confer jurisdiction on this Court to hear her claims. Local Def.'s Br. at 9. That is right. In the opinion dismissing the original complaint, the Court explained that claims based on the Union Constitution must be exhausted through the internal union system as required by Article 15 of the American Postal Workers Union Constitution. *Anderson*, 2024 WL 4723618, at*6. The only alternatives to exhaustion would require that the union "manifested such hostility to [her] grievance as to render exhaustion of [her] internal appeal rights futile," or that "the internal union appeals procedures are inadequate either to reactivate the grievance or to result in complete relief to [Anderson]," or that "demanding exhaustion would cause undue delay in the resolution of [Anderson]'s complaint." *Id.* (cleaned up). But Anderson does not allege any facts explaining that she either attempted to use the administrative remedies available to her under Article 15, nor did she allege how those remedies were essentially unavailable to her. Because Anderson did not cure the defects in her complaint on this count, the Court again exercises its discretion to dismiss the claim. *Id.*

---

[4]The Local Union is also right that Anderson's fiduciary-duty claim is either duplicative of the fair-representation claim or preempted.

(explaining that failure to exhaust internal union remedies confers discretion to dismiss the claim).

Anderson's federal discrimination claims under Title VII and the ADA also must be dismissed for failure to exhaust administrative remedies. "[T]he ADA adopts Title VII's procedures in requiring, before an employee files a lawsuit, that the employee first file a timely administrative charge with the EEOC and then receive a right to sue notice from the EEOC." *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 757 (N.D. Ill. 2020) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5). Then, for either claim, plaintiffs have 90 days from the receipt of the right-to-sue notice to file a complaint. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117. In this case, Anderson alleges that she filed an "EEO Complaint on January 5, 2020" and a USPS EEO Complaint on June 14, 2014." Am. Compl. at 5, 13. But she does not allege that either of these charges were filed against the Local Union, nor does she allege when she received the right to sue notice. Am Compl. Again, although exhaustion is an affirmative defense, if there are no disputed facts—Anderson does not say that she sued within 90 days of receiving a right-to-sue letter—dismissal is proper.

As a final note on the Local Union, given the dismissal of the federal claims, the Court relinquishes jurisdiction over the state law fraud claim. 28 U.S.C. § 1367(c)(3); *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (per curiam).

**B. National Union**

Anderson's claims against the National Union must also be dismissed. Anderson alleges that the National Union breached its duty of fair representation by refusing to prosecute and investigate several of her grievances, mishandling her promotional tests, performing Anderson's job responsibilities, and expressing hostility towards her. Am. Compl. at 2– 3 (Claim 1), 10–12 (Claim 7). But all of those claims were untimely filed.

First, Claim 1 in the Amended Complaint sets forth a series of events in 2020 culminating in the alleged refusal, on February 17, 2021, by a National Union agent to prosecute a particular grievance filed by Anderson. Am. Compl. at 2–3. But the Amended Complaint was not filed until December 11, 2024, well beyond the six-month limitations period for fair-representation claims. *DelCostello*, 462 U.S. at 169; *Adams*, 846 F.2d at 431 (cleaned up). And this newly added claim in the Amended Complaint does not relate back to the filing date of the original complaint. When "a party seeks to amend a pleading after the statute of limitations has run, [they] must turn to the relation-back provision of [Civil] Rule 15(c), which allows such amendment if it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Coleman v. United States*, 79 F.4th 822, 827 (7th Cir. 2023) (citing Fed. R. Civ. P. 15(c)(1)(B)).

Here, Anderson's response brief does not explain how the February 2021 refusal to prosecute the particular grievance at issue arises out of the same conduct, transactions, or occurrences that were presented in the original complaint was filed.

12

She only contends that she put the National Union on notice of the claims in the *grievances* she filed against them. R. 135, Pl.'s Resp. at 5. But that type of pre-suit notice is not relevant to the only potentially applicable basis for relation back under Civil Rule 15(c)(1)(B), that is, the amended claim must arise out of the original complaint's conduct, transactions, or occurrences. Anderson does not connect the dots between the two pleadings. So Claim 1 is untimely and the relation-back doctrine does not save it.

The only other claim alleged against the National Union in the Amended Complaint is Claim 7. Am. Compl. at 10–12. This claim suffers from an even clearer untimeliness problem. In it, Anderson alleges that a National Union agent refused to process a grievance in April 2018. *Id.* Even the original complaint's filing date (March 12, 2021) was too late for that claim to be brought within the six-month limitations period. So both of the fair-representation claims against the National Union must be dismissed as untimely.

To the extent that Anderson argues that the National Union breached its duty of fair representation because it is liable for the actions of the Local Union, that theory of liability fails for two reasons. First, national unions are not liable for the actions of their local union affiliates unless the national union expressly ratifies those actions. *Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 217–18 (1979). Even though the Court explained this in the prior opinion, *Anderson*, 2024 WL 4723618, at *7, the Amended Complaint does not plausibly allege that the National Union expressly ratified any conduct of the Local Union's. And, even if it did, the

13

amended complaint does not plausibly allege any misconduct on the part of the Local Union. *See supra* Section III(A).

Finally, Anderson's discrimination claims brought under Title VII and the ADA against the National Union are subject to dismissal for lack of exhaustion. Anderson does not dispute that she failed to file an EEOC charge against the National Union. That failure requires dismissal for lack of exhaustion.

### IV. Conclusion

For the reasons explained in this Opinion, the Local Union's and National Union's motions to dismiss, R. 117, R. 120, are granted. This time, the dismissal is with prejudice. Anderson has had an opportunity to amend the complaint once already, and had the benefit of a prior round of dismissal motions and a prior opinion on those motions. The state law fraud claim is dismissed without prejudice because the Court relinquishes supplemental jurisdiction over it. 28 U.S.C. § 1367(c)(3).

ENTERED:

        s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2025